FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>NORTHEASTERN DIVISION</u>

SEP 22 AM 9:06

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ADRIAN MONROE GILBREATH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 99-H-0731-NE |
| | ) |
| STATE OF ALABAMA, ET AL., | ) |
| | ) |
| Respondents. | ) |

**ENTERED**

**SEP 2 2 2000**

<u>MEMORANDUM OF OPINION</u>

Adrian Monroe Gilbreath, hereinafter referred to as petitioner filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 17, 1997 petitioner was convicted in the Circuit Court of Madison County of third degree robbery and was sentenced to twenty years imprisonment. Petitioner appealed from his conviction raising the following claims:

(1)  The trial court erred in denying defendant's *Batson* motion;

(2)  The trial court erred in denying defendant's motions for acquittal at the conclusion of the state's case for the failure of the state to make a *prima facie* case;

(3)  The trial court erred in denying defendant's motion for acquittal at the conclusion of the trial.

(Respondents' Exhibit 2).

Petitioner filed a *pro se* Motion to Amend to Add Facts with the appellate court; however, there was no ruling on the motion. (Respondents' Exhibit 3).



On August 22, 1997 the Alabama Court of Criminal Appeals affirmed petitioner's conviction by memorandum opinion. (Respondents' Exhibit 5). His application for rehearing and petition for writ of certiorari were denied.

On March 26, 1998 petitioner filed a Rule 32 petition alleging ineffective assistance of appellate counsel for not raising ineffective assistance of trial counsel. The Rule 32 court dismissed the petition stating in pertinent part:

> 1. Petitioner alleges that he was denied effective assistance of counsel, in that his appellate counsel, Robert Willisson, failed to preserve a claim of ineffective assistance of trial counsel. In particular, Petitioner asserts that trial counsel was ineffective for:
>
> a. Waiving the Petitioner's preliminary hearing over Petitioner's objection, and failing to subpoena the co-defendant to testify at the hearing or requesting record from the co-defendant's preliminary hearing;
>
> b. Failing to investigate his case and subpoena witnesses who would have cleared his name;
>
> c. Failing to object or motion for a mistrial or dismissal of case because victim did not recognize petitioner as being the alleged robber.
>
> Upon consideration of Petitioner's petition, the State's response, and the record in this case, the Court finds as follows:
>
> 1. Allegation 1 is precluded by Rule 32.2(a)(3) and (a)(5) because it could have been raised at trial or on appeal.
>
> 2. The petition fails to state a claim upon which relief could be granted.
>
> 3. The petition fails to meet the specific[i]ty requirement of Rule 32.
>
> 4. In the alternative, the petition is without merit.

>    5.  Petitioner has failed to meet the burden of proof in his petition.
>
>    6.  No purpose would be served by any further proceedings.
>
>    Accordingly, it is hereby ORDERED that the petition of Adrian Monroe Gilbreath for post-conviction relief filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure is hereby denied and dismissed pursuant to Rule 32.7(d) on procedural grounds.

(Respondents' Exhibit 7, pp.31-32).

On October 2, 1998 the Alabama Court of Criminal Appeals affirmed the denial of the Rule 32. (Respondents' Exhibit #11).

>   In the petition before this court petitioner raises four claims:
>
>   (1)  Illegal search and seizure
>
>   (2)  Unfairness of law
>
>   (3)  False identification
>
>   (4)  Ineffective assistance of trial and appellate counsel

The Court entered an Order to Show Cause requiring respondents to appear and show cause why the relief requested by petitioner should not be granted. In response thereto respondents filed an Answer and exhibits. The Court entered an Order advising petitioner that respondents' Answer would be considered as a motion for summary judgment. The Order further allowed petitioner an opportunity to file affidavits or other material in opposition to the motion and advising him of the consequences of default.

I.  <u>Illegal Search and Seizure</u>

>   Petitioner argues that he was searched six times before the money was allegedly found in his front pant pocket. He further argues that the officers lied when they stated that petitioner was searched only two times. Although petitioner may have attempted to raise this issue on direct appeal in

3

his Motion to Amend,[1] the claim was not properly before the appellate court. Rule 31(a), *Alabama Rules of Appellate Procedure* provides "[w]hen a party is represented by counsel, the clerk may not accept a brief from that party." The appellate court did not address this claim in its memorandum opinion. Further, this claim was not raised in petitioner's Rule 32 petition.

In *Teague v. Lane*, 489 U.S. 288 (1989), *reh. denied*, 490 U.S. 1031 (1989), the Supreme Court held that the procedural default rule applies where a claim has never been presented to the state courts. Likewise, a petitioner who attempts to raise a federal constitutional claim in a manner not permitted by state procedural rules is procedurally barred from raising the same claim in federal court. *See Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), *cert. denied,* 439 U.S. 991 (1978). "When a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice." *See Wilson v. Jones*, 902 F.2d 923, 925 (11th Cir. 1990), *reh. denied*, 927 F.2d 615 (11th Cir. 1991), *citing Bennett v. Fortner*, 863 F.2d 804, 806 (11th Cir.), *cert. denied*, 490 U.S. 1071 (1989); *see also Engle v. Isaac*, 456 U.S. 107, 129 (1982).

Neither the ineffective assistance of trial counsel nor the ineffective assistance of appellate counsel can constitute cause for petitioner's procedural default because the claim of ineffective assistance of counsel for failing to raise this claim in state court has not been properly presented even though petitioner argued on appeal from the denial of the Rule 32 petition that trial counsel was ineffective for failing to effectively challenge the search. The Alabama Court of Criminal Appeals held:

> This claim was not presented to the trial court in Gilbreath's Rule 32 petition. Accordingly, it is not properly before this court for review. Petitioner has also not specifically raised a claim that appellate counsel was

---

[1] It is not altogether clear whether petitioner meant to raise this as an additional issue or as facts to support the claim that the state failed to make a *prima facie* case.

4

> ineffective for failure to raise a claim that trial counsel was ineffective because he failed to challenge the search. In *Edwards v. Carpenter*, ___ U.S. ___, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000), the Supreme Court held that a procedurally defaulted ineffective assistance of counsel claim could not serve as cause for another procedurally defaulted claim. *Boatwright v. State*, 494 So.2d 979, 935 (Ala. Cr. App. 1986).

(Respondents' Exhibit #11).

Petitioner has also failed to make a threshold showing of actual innocence to avoid a procedural bar. In order for a claim of actual innocence "to be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The only evidence to which petitioner has pointed in arguable support of an assertion of actual innocence is the trial transcript. *See* petition (document #1); petitioner's answer (document #8); and motion for new evidence (document #12). In his motion for new evidence, petitioner does not present new evidence but merely asks the court to view the evidence presented at trial in a new way. The motion for new evidence (document #12) is therefore DENIED. Because the only evidence he can refer to was presented at trial, petitioner does not make a threshold showing of actual innocence.

II.     Unfairness in the law

In support of this claim petitioner alleges that because his co-defendant's case was dismissed, his case should also have been dismissed. Petitioner further alleges that his co-defendant's case was dismissed even though the co-defendant told the judge at the preliminary hearing that he [co-defendant] was guilty of the crime. Petitioner attempted to raise this claim on direct appeal in his motion to amend; however, under Rule 31(a), *Alabama Rules of Appellate Procedure,* this claim was not properly before the court on direct appeal. Because this claim was not raised in state court in a

5

procedurally correct manner, it is therefore procedurally barred from federal review. Again, petitioner has failed to show cause for his procedural default or actual innocence.[2]

III.   False identification

Petitioner argues that the testimony of the victim and witness concerning the clothes worn by the robber were inconsistent with what petitioner was wearing when arrested by police.[3] Specifically, he states that the victim stated that the robber wore dark trousers and a pink shirt and that the witness said the robber wore a red shirt and when the robber left the boarding house he had changed into a brown jacket. Petitioner states that when he met the victim, left the boarding house and was arrested, he wore a green jacket, no shirt and blue jeans. Petitioner attempted to raise this claim in his *pro se* motion to amend but this claim was not properly before the appellate court on direct appeal because petitioner was represented by counsel. Rule 31(a), *Alabama Rules of Appellate Procedure*. This claim was not raised as an independent claim in petitioner's Rule 32 petition or on appeal from the denial thereof. In his Rule 32 petition, petitioner raised only a claim of ineffective assistance of appellate counsel and this was the basis for one of the claims.

On appeal from the denial of Rule 32 petition, the appellate court held that the ineffective assistance of appellate counsel claim was without merit because he failed to carry his burden under

---

[2]   To the extent that petitioner alleges ineffective assistance of trial counsel as cause the ineffective assistance of counsel that petitioner seeks to assert as cause is without merit. *See, infra*.

[3]   The court notes that petitioner does **not** allege that his in-court identification was tainted by impermissibly suggestive pretrial identification procedures. However, even if this was petitioner's claim, the magistrate judge concludes that under the totality of the circumstances, for the reason stated below, the in-court identification was reliable.
>      The factors to be weighed in arriving at the ultimate conclusion are (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. at 199-200, 93 S.Ct. at 382.
*Jones v. Newsome*, 846 F.2d 62, 64 (11th Cir. 1988).

*Strickland v. Washington*, 466 U.S. 668 (1984). (See discussion of ineffective assistance of counsel, *infra*). The court further held that the victim was throughly cross-examined by trial counsel concerning her identification of petitioner. A review of the record reveals that the victim was in fact thoroughly cross-examined.

Assuming that petitioner has shown cause for his procedural default he has failed to show actual prejudice as this claim is without merit based on ample testimony, including petitioner's own testimony, before the jury concerning petitioner's attire, his co-defendant's attire and the descriptions of clothing given by both the victim and a witness. Further, both the victim and a witness who responded to the victim's cries for help identified petitioner as the robber.

Betty Golab, the victim, testified that on April 12, 1996 she was working at Wilson Apartments when petitioner and another man, Irion Strictland, came to her office. Golab recognized Strictland because he had previously been a tenant but had been evicted when he could not pay the rent. She knew petitioner by sight but not name because she had previously seen him in the past. Petitioner filled out an employment application using the name Rodney Harris. Petitioner sat closer than six feet to Golab while completing the application. During the ten or fifteen minutes petitioner and Strictland were in the office, at least three renters came by to pay their rent, one of whom paid in cash. Prior to petitioner coming in, three or four more renters had come by to pay their rent. Golab testified that when renters paid in cash she placed the rent money in her pants pocket until she could place it in the drop safe.

After petitioner left, he returned within ten minutes with information to add to his application. Golab testified that as she was getting his application out "the next thing I knew I was being scratched on my leg with fingernails. He was struggling and he got the money out of my pocket and he ran." (R.52). Golab immediately summoned help. Golab next saw petitioner later that day in the back of a police car where she identified petitioner as the man who robbed her. Golab stated that at that time

7

(when he was in the police car) he was not dressed like he was when she met him in her office but she could not recall what he was wearing. She identified a photograph of petitioner as how he appeared when she identified him in the police car. Golab testified that petitioner wore a pink shirt and dark trousers and that Strictland wore a hat and brown jacket and was carrying some type of clothing.

On cross-examination Golab testified that the pink item in the photograph looked like the shirt petitioner wore. She further testified that the persons she identified in the police car was the robber. There was no doubt in her mind. Golab stated that petitioner's hair was different, shorter, at trial than at the time of the robbery.

Michael Keith Wilborn testified that Golab came out of the office and hollered "Help. I've been robbed." Wilborn saw petitioner start to run about ten feet from the office door as soon as Golab hollered. Wilborn started chasing petitioner. He testified that the robber had on a red shirt when he began chasing him, that he entered a boarding house and when he emerged from the bathroom, he did not have on a shirt but had on a brown jacket. Wilborn testified that petitioner was the man who came out of the bathroom. He identified a photograph as the man he saw coming out of the bathroom.

Mike Culbreath, a police officer, saw the chase involving petitioner and went to the boarding house bathroom where he saw petitioner coming out of the board house. In searching the bathroom, Culbreath discovered a "pinkish-greenish type patterned shirt and some papers. Culbreath testified that petitioner was wearing blue jeans and a green jacket when he came out of the bathroom.

Officer Pugh testified that he was with Culbreath when petitioner left the boarding house wearing blue jeans and a green jacket and no shirt. He further testified that Culbreath took petitioner into custody. He testified that he saw a pink shirt in the bathroom and found a wad of receipts between the wall and wall heater just outside the bathroom.

8

Investigator Turner testified that when he arrived on the scene after petitioner had been placed in the backseat of a patrol car. Turner described petitioner as wearing "a brownish green or some colored jacket with no shirt on ... [and] blue jeans." Turner testified that after being given his *Miranda* rights

> He told me that he and Irion Strictland went to Wilson Apartments to fill out a work application, and that he filled out the application himself under the name of Rodney Harris. While they were in there, they noticed or saw some money in a basket on the desk. He said the money was – I believe it was two $100 bills, new $100 bills. After they left there, he said they talked about going back and getting the money. I asked him who took the money. He said, "I'm not going to tell you that." That's just basically the extent of the talk I had with him.

(Respondents' Exhibit 1, R. 144-45).

Petitioner testified at trial that Strictland robbed Golab and that all of the state's witnesses who identified him as the robber were lying. He further testified that Turner was lying about the statement he [petitioner] allegedly made.

The court finds it significant that the victim knew Irion Strictland based on the fact that he had previously been a tenant, that the victim recognized petitioner's face from the park, that the victim had ten to fifteen minutes to observe petitioner prior to him returning to rob her and that the victim was able (as were all the other witnesses for the state) to point out that petitioner's hair was shorter at the time of the robbery than at trial. The victim did not appear to identify petitioner solely by the clothes he wore but, also, by his face. After hearing the testimony, the issue of credibility of the witnesses was a jury question.

IV. **Ineffective assistance of trial counsel**

A. **Failure to point out inconsistencies**

Trial counsel did not point out inconsistencies in the statements of officers concerning the number of times petitioner was searched. With respect to this claim the Court of Criminal Appeals held:

> On appeal from the denial of his petition, Gilbreath contends that his appellate counsel should have argued that his trial counsel was ineffective for failing to effectively challenge the search that led to the recovery of the robbery money from his person. In this regard, Gilbreath essentially argues that the money was "planted" on him. This claim was not presented to the trial court in Gilbreath's Rule 32 petition. Accordingly, it is not properly before this court for review. *Boatwright v. State*, 494 So.2d 929, 935 (Ala. Cr. App. 1986).
>
> > In *Moore v. State*, 502 So.2d 819 (Ala. 1986), the Alabama Supreme stated:
> >
> > "An evidentiary hearing on a [Rule 32] petition is required only if the petition is 'meritorious on its face.' *Ex parte Boatwright*, 471 So.2d 1257 (Ala. 1985). A petition is 'meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true. *Ex parte Boatwright, supra; Ex parte Clisby*, 501 So.2d 483 (Ala. 1986)."
>
> 502 So.2d at 820. See Rule 32.7(d), Ala.R.Crim.P. Because Gilbreath's petition was not meritorious on its face, there was no error in the trial court's failure to hold an evidentiary hearing on the allegations in his petition. The judgment of the trial court is affirmed.

Because the Court of Criminal Appeals found that this claim was procedurally barred from state review due to petitioner's failure to present it to the trial court in his Rule 32 petition, this claim is also procedurally barred from federal review. In *Harris v. Reed*, 489 U.S. 255 (1989), *remand*, 894 F.2d 871 (7th Cir. 1990) the Supreme Court held that a "procedural default does not bar

consideration of a federal claim on ... habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Petitioner has failed to show cause for his failure to present the claim in his Rule 32 petition. Further, as previously discussed, petitioner has failed to make a threshold showing of actual innocence.

B. <u>Failure to obtain transcript of co-defendant's preliminary hearing</u>

Petitioner alleges that trial counsel was ineffective because she would not get a transcript of petitioner's co-defendant's preliminary hearing in which the co-defendant allegedly confessed to the crime. On appeal from the denial of the Rule 32 petition, the Court of Appeals held:

> In his petition, Gilbreath claims that his appellate counsel should have argued that his trial counsel was ineffective for failing to demand a preliminary hearing and for failing to secure Gilbreath's co-defendant to testify at such a hearing. According to Gilbreath, had his co-defendant testified at his preliminary hearing, he would have "cleared" Gilbreath of any involvement in the crime.
>
> Again, Gilbreath has failed to satisfy either his burden of pleading under Rule 32.3, Ala.R.Crim.P., or the requirements for prevailing on an ineffectiveness claim set forth in *Strickland*. Gilbreath's claim that his co-defendant would have cleared him had he testified at Gilbreath's preliminary hearing is wholly unsupported speculation. Moreover, Gilbreath does not explain why such exculpatory testimony could not have been obtained at any time after his preliminary hearing was waived. Furthermore, Gilbreath's claim of innocence is contradicted by the trial testimony of the victim, who positively identified Gilbreath as the individual who forcibly took cash and checks from her pocket. Other witnesses testified at Gilbreath's trial that they saw Gilbreath running from the crime scene, and a police officer testified that a large amount of cash was found in Gilbreath's pocket during a search conducted shortly after the robbery. Finally, any harm sustained by Gilbreath due to the absence of a preliminary hearing was cured when the grand jury returned its indictment. "[T]he failure to hold a preliminary hearing is harmless error and a moot

11

> question once an indictment was been returned." *Rowland v. State*, 460 So.2d 282, 284 (Ala. Cr. App. 1984).
>
> Because Gilbreath has failed to show that his trial counsel was professionally deficient in this regard or that he was prejudiced by his trial counsel's performance, his appellate counsel cannot be effective for failing to raise a claim concerning this issue.

This claim is discussed below with the remaining claim of ineffective assistance of counsel.

    C.    <u>Failure to point out differences in clothing</u>

Trial counsel was ineffective for failing to point out the difference in clothing worn by the robber and petitioner. The Alabama Court of Criminal Appeals held:

> In his petition, Gilbreath claims that his appellate counsel should have argued that his trial counsel was ineffective for failing to effectively challenge the victim's identification of him as the robber.
>
> A Rule 32 petitioner must plead and prove by a preponderance of the evidence facts necessary to entitle him to relief. Rule 32.3, Ala.R.Crim.P.; see *Craig v. State*, 645 So.2d 349 (Ala. Cr. App. 1994). To prevail on a claim of ineffective assistance of counsel, a petitioner must prove (1) that his counsel's performance was deficient and (2) that he was prejudiced as a result of the deficiency to the extent that, but for the deficiency, the outcome of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
>
> Gilbreath has failed to satisfy either his burden of pleading under Rule 32.3, Ala.R.Crim.P., or the requirements for prevailing on an ineffectiveness claim set forth in *Strickland*. The record from Gilbreath's direct appeal reflects that Gilbreath's trial counsel thoroughly cross-examined the victim concerning her identification of Gilbreath. The cross-examination was sufficient to present the jury with questions concerning the reliability of the victim's testimony. Accordingly, notwithstanding Gilbreath's claim in his petition, we find that Gilbreath's trial counsel effectively challenged the victim's identification of Gilbreath as the robber.

12

>Because Gilbreath had failed to show that his trial counsel was professionally deficient in this regard or that he was prejudiced by his trial counsel's performance, his appellate counsel cannot be ineffective for failing to raise a claim concerning this issue.

Because petitioner filed his federal habeas petition on March 26, 1999 after the April 24, 1996 effective date of the Anti-terrorism and Effective Death Penalty Act (AEDPA), the review procedure in § 2254(d), as amended by the AEDPA applies.

>Title 28 U.S.C. § 2254(d), as amended, provides:
>
>>(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>>
>>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>>
>>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *McIntyre v. Williams*, 216 F.3d 1254, 1256-57 (11th Cir. 2000) the Eleventh Circuit Court of Appeals discussed the recent United States Supreme Court case of *Williams v. Taylor*, ___ U.S. ___, 120 S.Ct. 14995, 146 L.Ed.2d 389 (2000):

>Explaining the effect of these provisions, the Supreme Court recently stated:
>
>>Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."

. . . .

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. *Williams v. Taylor*, ___ U.S. ___, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (quoting 28 U.S.C. § 2254(d)). The Supreme Court also addressed the meaning of unreasonable application:
>
> Defining an "unreasonable application" by reference to a "reasonable jurist," however, is of little assistance to the courts that must apply § 2254(d)(1) and, in fact, may be misleading. Stated simply, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case. The "all reasonable jurists" standard would tend to mislead federal habeas courts by focusing their attention on a subjective inquiry rather than on an objective one....
>
> The term "unreasonable" is no doubt difficult to define. That said, it is a common term in the legal world and, accordingly, federal judges are familiar with its meaning. For purposes of today's opinion, the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law.... Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1521-22. In sum, we can only reverse the district court if we conclude that the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by the Supreme Court cases. If we cannot so conclude, we must affirm. (footnotes omitted).

14

The Alabama Court of Criminal Appeals correctly recognized that a claim of ineffective assistance of counsel is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). The Alabama appellate court further recognized that under *Strickland*, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove (1) that his counsel's performance was deficient and (2) that he was prejudiced as a result of the deficiency. The court found that petitioner had failed to carry his burden. With respect to trial counsel's failure to obtain a transcript of the co-defendant's preliminary hearing and failure to point out inconsistencies in clothing, the court cannot conclude after a careful review of the record that the state court's decision was contrary to or involved an objectively unreasonable application of, the governing federal law as set forth in *Strickland*.

V.   Ineffective assistance of appellate counsel

Petitioner alleges that appellate counsel "did nothing I asked, never seen or heard from him other than sending state briefs. He used the same points of law [for acquittal] trial counsel used and got denied showing he was ineffective for using something that was of no use in trial. He shot blanks." (Petition). These allegations are too vague to state a claim. Further, petitioner failed to present this claim in his Rule 32 petition or on appeal, and this claim is therefore procedurally barred from federal review. *Teague, supra.*

Based on the foregoing the court concludes that petitioner's motion for summary judgment (document #11) and motion for judgment (document #14) are due to be DENIED. The court further concludes that the petition for writ of habeas corpus is due to be DENIED.

An appropriate judgment will be entered.

Done this the 22nd day of September, 2000.

JAMES H. HANCOCK
UNITED STATES DISTRICT JUDGE